```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          ASHLAND DIVISION



IN RE:

HNRC DISSOLUTION CO. f/k/a
HORIZON NATURAL RESOURCES
COMPANY, et al.

DEBTORS                                         CASE NO. 02-14261
                                                CHAPTER 11



GEOFFREY L. BERMAN, solely in his
Capacity as the Liquidating Trustee of the
HNR Liquidating Trust; INTERNATIONAL
COAL GROUP, INC. f/k/a Newcoal LLC; ICG
HAZARD, LLC; LAUREN LAND COMPANY               PLAINTIFFS


VS.                                            ADV. NO. 04-1684


ESTATE OF JOSEPH D. WEDDINGTON;
EZRA C, ADAIR, d/b/a A.C.E. Development
Company and Klondike Mining, Inc.;
KLONDIKE MINING, INC.; KENTUCKY LAND
AND EXPLORATION COMPANY; JOHN
and/or JANE DOES 1-100                         DEFENDANTS
```

**MEMORANDUM OPINION**

This matter has come before the court on the Defendants' Motion to Dismiss filed on January 24, 2005, which seeks dismissal of the Plaintiffs' Complaint pursuant to Federal Rule of Bankruptcy Procedure 7012. This Rule makes Federal Rule of Civil Procedure 12(b)-(h) applicable in bankruptcy. Although the Defendants do not so state, the court assumes that their motion is in the nature of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The Defendants state in fn. 1 of their motion that to the extent it relies on matters outside the Complaint, it

1

should be treated as a motion for summary judgment. The motion also denies that this is a core proceeding. The Defendants filed a memorandum in support of the Motion to Dismiss on February 17, 2005.

The Plaintiffs filed their Response to Motion to Dismiss on February 18, 2005. They filed a memorandum opposing dismissal on February 28, 2005; the Liquidating Trustee filed a separate memorandum opposing dismissal on the same date. This matter was heard on March 2, 2005, and taken under submission for decision. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); the Plaintiffs have alleged that it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1.  Background

As set out by the Defendants, in 1996 the late Joseph D. Weddington, Sr. initiated litigation in the Perry Circuit Court (Civil Action No. 96-CI-00489) against certain companies and their successors who became Debtors herein ("the Perry Circuit Court Action"). Subsequently, Defendants Kentucky Land and Exploration Company ("KLE"), and Ezra C. Adair, d/b/a A.C.E. Development Company and Klondike Mining, Inc. (collectively "Adair"), intervened as plaintiffs in the Perry Circuit Court action. One of the claims asserted by these Defendants in that action related to the ownership of, rights or interest in, certain real property known as the DeGroot Land Patents (the "Title Claims").

On November 13 and 14, 2002 the former Debtors filed Chapter 11 petitions. The cases were ordered to be administered jointly. Eventually the Debtor entities were divided into those that would reorganize and those that would be liquidated (together "the

Debtors"). On September 16, 2004, a Joint Plan of Reorganization and a Joint Liquidating Plan (together, as modified, "the Plans") were confirmed by separate orders ("the Confirmation Orders"). Pursuant to the Plans, the Confirmation Orders and the Liquidating Trust Agreement executed by the Plaintiff Liquidating Trustee ("the Trustee") and the Debtors, the Trustee was appointed as of October 1, 2004.

On May 13, 2004, prior to confirmation of the Plans, the Debtors sought an order concerning auction procedures and the sale of various properties. The Defendants herein filed objections to the proposed sale on the grounds that any proposed sale of the real property which was the subject matter of the Perry Circuit Court Action could not be sold free and clear of the Title Claims of the Defendants. The order approving auction procedures entered on June 16, 2004 addressed these concerns, preserving the Defendants' right to object to the Debtors' ownership of the disputed property and providing that an announcement would be made at the auction concerning the pending lawsuit.

The Debtors filed their two Chapter 11 Plans on July 11, 2004. The Defendants filed objections to the confirmation of these plans on the grounds that the proposed sale of the subject property appeared to be free and clear of the Title Claims, and on the basis of the Plans' provisions requiring dismissal with prejudice of all litigation, as defined therein, against the Debtors. The Defendants argued that confirmation of the Plans would mean the loss of their Title Claims, and that loss would have a res judicata effect in the Perry Circuit Court Action. The Defendants' objections were sustained at the confirmation hearing on August 31, 2004. The court approved the sale of the Debtors' assets and entered orders confirming both Plans on

September 16, 2004.  A separate order resolving the objections of the Defendants was entered on September 27, 2004.

The September 27, 2004 order supplemented the Plans, the sale order and the Confirmation Orders by providing that any real property interest conveyed under the sale order that is the subject of the Perry Circuit Court Action is subject to the Title Claims and allowing that litigation to proceed in situs, but preserving the rights and powers "that the Debtors may have or other parties may have or actions they may bring under the Bankruptcy Code or other applicable law not inconsistent herewith."  September 30, 2004 was established as the effective date of the Debtors' Plans and the sale took place, including the sale of the Debtors' interest, if any, in the subject real property.  On November 24, 2004, the Plaintiffs filed this proceeding.

2.   Legal discussion

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), is for failure to state a claim upon which relief can be granted.  As set out in *Perniciaro v. Natale (In re Natale)*, 136 B.R. 344 (Bankr. E.D. N.Y. 1992), the court, in determining such a motion

> must presume that the factual allegations of the complaint are true and all reasonable inferences are to be made in favor of the nonmoving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S.Ct. 1843, 1848-49, 23 L.Ed.2d 404 (1969).  The purpose of a motion to dismiss is to assess the legal sufficiency of a complaint, not to judge the weight of evidence which might be offered in its support. *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2nd Cir. 1980).
>   However, on a motion to dismiss, it is clear that the court does not have to accept every allegation in the complaint as true in assessing its sufficiency.  5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1357, at 311-18 (2d ed. 1990).  The allegations of a

> complaint must be "well-pleaded" and thus the court need not accept "sweeping and unwarranted averments of fact." *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C.Cir. 1987). Legal conclusions, deductions or opinions couched as factual allegations in a complaint are not given a presumption of truthfulness. 2A James Wm. Moore et al., *Moore's Federal Practice* ¶12.07[2.-5], at 12-63 to 12-64 (2d ed. 1991). A complaint is subject to dismissal if it fails to allege a required element which is necessary to obtain relief sought. Moore, *supra*, at 12-68; (cite omitted). A motion under Fed.R.Civ.P. 12(b)(6) should also be granted if a bar to relief is apparent from the face of the complaint. Moore, *supra*, at 12-68 to 12-69.

*Id.* at 348. The court's task under Rule 12(b)(6) is then to determine the sufficiency, and not the merits, of the Complaint. *See also Am. Express Travel Related Serv. Co. v. Henein*, (E.D. N.Y. 2001), and *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236 (6th Cir. 1993).

The within Complaint seeks to avoid the Title Claims in Count I and to disallow the Defendants' damage claims arising from the Perry Circuit Court Action in Count II. The Complaint alleges at paragraph 19:

> The Title Claims constitute transfers or alleged interests in property of the Debtors that are avoidable by one or more of the Plaintiffs under the provisions of 11 U.S.C. § 544(a)((3) in that the same would be avoidable by a hypothetical *bona fide* purchaser of the real property that is the subject of this Complaint on the Petition Dates under the provisions of Kentucky Revised Statute 382.440.

KRS 382.440 is the Kentucky *lis pendens* statute. It basically provides that unless notice (in the form of a memorandum) is filed in regard to any action involving real estate, any party who qualifies as a subsequent bona fide purchaser for value and without notice is not charged with knowledge of the action. Bankruptcy Code section 544(a)(3) gives a trustee the rights and powers of a bona fide purchaser as of the date of the filing of a petition. The Confirmation

5

Orders transferred to the Plaintiffs any avoidance actions pursuant to section 544 that would have been available to the Debtors (as debtors in possession). Such transfers are sanctioned under Bankruptcy Code section 1123(b)(3)(B). The Plaintiffs therefore have standing to bring avoidance actions in appropriate circumstances.

Section 544 gives the trustee the power to avoid "any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property[.]" 11 U.S.C. § 544(a)(3). Armed with this power, the trustee may avoid preferential transfers, fraudulent transfers, and certain post-petition transfers pursuant to Bankruptcy Code sections 547, 548 and 549 respectively. The Plaintiffs seek to "avoid" the Title Claims as "transfers" or "interests in property" based solely on the fact that no *lis pendens* notice was filed in regard to the Perry Circuit Court Action. The failure to file such a notice gives the Plaintiffs the status of bona fide purchasers pursuant to KRS 382.440. The allegation of failure to file a *lis pendens* notice does not constitute an allegation of a transfer. It is not enough for the Plaintiffs to allege that they have the status of bona fide purchasers; they must also allege that there is a voidable action upon which they may exert their powers. The definition of a voidable action is found in section 544, as set out above, and that definition is not satisfied here. The record is devoid of evidence that the Debtors transferred any property or any interest in property to the Defendants or incurred any obligation in regard to the Defendants. There has been no fixing of an interest on the part of the Defendants in regard to any property of the Debtors; they have no lien, no mortgage, no security interest of any kind that was granted to

6

them by the Debtors. In short, there is nothing in regard to the Title Claims for the Plaintiffs to avoid.

It therefore appears to the court that while the within Complaint makes a bare allegation of a required element, i.e., a transfer, this allegation constitutes a "sweeping and unwarranted averment[] of fact." *Haynesworth v. Miller*, 820 F.2d at 1254, and appears to be more of a legal conclusion couched as a factual allegation. The court will therefore sustain the Defendants' Motion to Dismiss as to Count I of the Complaint.

Count II of the Complaint seeks disallowance of the Defendants' claims asserted and filed in the within bankruptcy case "based upon matters in the State Court Action" (Complaint, p. 7). Since this court has dismissed Count I of the Complaint, Count II must also be dismissed to the extent that it is based on the Plaintiffs' contention that the Title Claims may be avoided. The Plaintiffs argue in Count II that the Defendants' claims are subject to disallowance pursuant to Bankruptcy Code section 502(b)(1) as being "unenforceable against the debtor or property of the debtor and property of the debtor, under any agreement or applicable law. . ." 11 U.S.C. § 502(b)(1). Since the Title Claims may not be avoided, the question of whether the Defendants' claims are enforceable against the Debtors has yet to be determined. The Plaintiffs further argue that pursuant to Bankruptcy Code section 502(d), the claims are subject to disallowance as claims of a transferee of an avoidable transfer. The dismissal of Count I negates this argument.

The court has therefore concluded that Count II of the Complaint must be dismissed, and, therefore, the entirety of the Complaint. The

7

dismissal is without prejudice in regard to the filing of objections to the subject claims by the appropriate party or parties within the period set out in paragraph 7.1 of the Plans.  An order in conformity with this opinion will be entered separately.

Copies to:

W. Thomas Bunch II, Esq.
Richard D. Heideman, Esq.
Sam P. Burchett, Esq.
Scott M. Zurakowski, Esq.
John A. Rollins, Esq.
Geoffrey S. Goodman, Esq.
John F. Billings, Esq.

8

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Friday, April 29, 2005
(wsh)**