UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:

HNRC DISSOLUTION CO. f/k/a
HORIZON NATURAL RESOURCES
COMPANY, et al.

DEBTORS                                         CASE NO. 02-14261
                                                CHAPTER 11


GEOFFREY L. BERMAN, solely in his
Capacity as the Liquidating Trustee of the
HNR Liquidating Trust; INTERNATIONAL
COAL GROUP, INC. f/k/a Newcoal LLC; ICG
HAZARD, LLC; LAUREN LAND COMPANY            PLAINTIFFS


VS.                                         ADV. NO. 04-1684


ESTATE OF JOSEPH D. WEDDINGTON;
EZRA C. ADAIR, d/b/a A.C.E. Development
Company and Klondike Mining, Inc.;
KLONDIKE MINING, INC.; KENTUCKY LAND
AND EXPLORATION COMPANY; JOHN
and/or JANE DOES 1-100                      DEFENDANTS

**MEMORANDUM OPINION**

    This matter is before the court on the Motion for Reconsideration of Order Dismissing Complaint timely filed by Plaintiffs International Coal Group, Inc., ICG Hazard, LLC and Lauren Land Company; Plaintiff Geoffrey L. Berman, the Liquidating Trustee, has not moved for reconsideration.  The Order Dismissing Complaint was entered herein on April 29, 2005.  The Defendants have filed a Joint Response to Plaintiffs' Motion to Reconsider.  The court heard the Plaintiffs' Motion for Reconsideration on May 19, 2005.  At the conclusion of that

1

hearing the court directed the parties to address the question of whether it should set aside its opinion of April 29, 2005, refrain from exercising concurrent jurisdiction over questions involving ownership of the subject property, and allow this matter to be heard in the Perry Circuit Court.  The parties have filed post-hearing memoranda, and the matter is ripe for decision.

    1.    <u>Factual and procedural background</u>

The court will reiterate pertinent facts set out in its opinion of April 29, 2005.  In 1996 the late Joseph D. Weddington, Sr. initiated litigation in the Perry Circuit Court (Civil Action No. 96-CI-00489) against certain companies and their successors who became Debtors herein ("the Perry Circuit Court Action").  Subsequently, Defendants Kentucky Land and Exploration Company ("KLE"), and Ezra C. Adair, d/b/a A.C.E. Development Company and Klondike Mining, Inc. (collectively "Adair"), intervened as plaintiffs in the Perry Circuit Court action.  One of the claims asserted by these Defendants in that action related to the ownership of, rights or interest in, certain real property known as the DeGroot Land Patents ( the "Title Claims").

On November 13 and 14, 2002 the former Debtors filed Chapter 11 petitions.  The cases were ordered to be administered jointly.  Eventually the Debtor entities were divided into those that would reorganize and those that would be liquidated (together "the Debtors").  On September 16, 2004, a Joint Plan of Reorganization and a Joint Liquidating Plan (together, as modified, "the Plans") were confirmed by separate orders ("the Confirmation Orders").  The Confirmation Orders transferred to the Plaintiffs any avoidance actions pursuant to section 544 that would have been available to the

Debtors (as debtors in possession).  Pursuant to the Plans, the Confirmation Orders and the Liquidating Trust Agreement executed by the Plaintiff Liquidating Trustee ("the Trustee") and the Debtors, the Trustee was appointed as of October 1, 2004.

On May 13, 2004, prior to confirmation of the Plans, the Debtors sought an order concerning auction procedures and the sale of various properties.  The Defendants herein filed objections to the proposed sale on the grounds that any proposed sale of the real property which was the subject matter of the Perry Circuit Court Action could not be sold free and clear of the Title Claims of the Defendants.  The order approving auction procedures entered on June 16, 2004 addressed these concerns, preserving the Defendants' right to object to the Debtors' ownership of the disputed property and providing that an announcement would be made at the auction concerning the pending lawsuit.

The Debtors filed their two Chapter 11 Plans on July 11, 2004.  The Defendants filed objections to the confirmation of these plans on the grounds that the proposed sale of the subject property appeared to be free and clear of the Title Claims, and on the basis of the Plans' provisions requiring dismissal with prejudice of all litigation, as defined therein, against the Debtors.  The Defendants argued that confirmation of the Plans would mean the loss of their Title Claims, and that loss would have a res judicata effect in the Perry Circuit Court Action.  The Defendants' objections were sustained at the confirmation hearing on August 31, 2004.  The court approved the sale of the Debtors' assets and entered orders confirming both Plans on September 16, 2004.  A separate order resolving the objections of the Defendants was entered on September 27, 2004.

The September 27, 2004 order supplemented the Plans, the sale order and the Confirmation Orders by providing that any real property interest conveyed under the sale order that is the subject of the Perry Circuit Court Action is subject to the Title Claims and allowing that litigation to proceed in situs, but preserving the rights and powers "that the Debtors may have or other parties may have or actions they may bring under the Bankruptcy Code or other applicable law not inconsistent herewith."  September 30, 2004 was established as the effective date of the Debtors' Plans and the sale took place, including the sale to the Plaintiffs here of the Debtors' interest, if any, in the subject real property.

   2.   <u>Legal discussion</u>

The statute governing the issue of permissive abstention is Judicial Code section 1334(c)(1) which provides: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. § 1334(c)(1).  "The decision to abstain is in the sound discretion of the bankruptcy judge and can be raised *sua sponte* as long as the parties have an opportunity to be heard."  *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471, 476 (Bankr. S.D. Ohio 2003) (citing *Brothers v. Tremaine (In re Tremaine),* 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995)).

The extent of the court's discretion is discussed in *Matter of Gober*, 100 F.3d 1193 (5th Cir. 1996):

> Under the 'permissive abstention' doctrine, 28 U.S.C.

> § 1334(c)(1), courts have broad discretion to abstain from
> hearing state law claims whenever appropriate 'in the
> interest of justice, or in the interest of comity with State
> courts or respect for State law.' *See also Wood v. Wood (In
> re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (noting that
> § 1334(c)(1) 'demonstrate[s] the intent of Congress that
> concerns of comity and judicial convenience should be met,
> not by rigid limitations on the jurisdiction of federal
> courts, but by the discretionary exercise of abstention when
> appropriate in a particular case').

*Id.* at 1206.  A bankruptcy judge may abstain from hearing a core proceeding as well as a non-core proceeding, but abstention is considered the exception and not the rule.  *In re Underwood*, 299 B.R. at 476.

The Plaintiffs argue that federal courts are obliged to exercise the jurisdiction given them, and that the court therefore should not exercise discretionary abstention pursuant to section 1334(c)(1).  They cite several cases in support of this proposition.  Of these, *Brown v. Shepherd (In re Lorax Corp.)*, 295 B.R. 83 (Bankr. N.D. Tex. 2003) and *Hughes-Bechtol, Inc. v. Air Enters., Inc. (In re Hughes-Bechtol, Inc.)*, 107 B.R. 552 (Bankr. S.D. Ohio 1989) were decided on the basis of Judicial Code section 1334(c)(2), which governs mandatory abstention.  These cases are therefore not particularly instructive in this context.  In *Parke Imperial Canton, Ltd. v. Developers Diversified Realty Corp. (In re Parke Imperial Canton, Ltd.)*, 177 B.R. 544 (Bankr. N.D. Ohio 1994), the Chapter 11 debtor's state court suit against creditors was removed to bankruptcy court, and the debtor sought remand to the state court.  The bankruptcy court noted that the issue before it was whether it should remand the matter to state court, and not whether abstention was appropriate.  It only addressed the abstention issue because counsel for the debtor argued that abstention is one of the grounds for

remand.  *Id.*

Courts have employed a list of non-exclusive factors in making a determination concerning discretionary abstention.  This list varies by a few items from case to case, but the first twelve items constitute the core list:

> (1) the effect or lack thereof on the efficient administration of the estate if a court abstains;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted 'core' proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden on the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of non-debtor parties; and
> (13) any unusual or other significant factors.

*In re Underwood*, 299 B.R. at 476 (internal quotations and citations omitted).  As the *Underwood* court points out, "[t]hese factors are considerations, not compelling criteria, and are to be balanced by the court in reaching a determination."  *Id.*  *See also Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 b.R. 913, 928 (Bankr. E.D. Cal. 1995) ("[T]he list serves to provide an intellectual matrix to guide the judge who considers abstention and to enable a reviewing court to ascertain whether there has been an abuse of discretion.").

In applying the factors set out above to this proceeding, the

court first notes that the dispute between the Plaintiffs here and the Defendants is over the ownership of property which is a state law question. In this proceeding the Plaintiffs seek to assert a superior ownership interest in the subject property by virtue of their claimed bona fide purchaser status. In this regard, the Plaintiffs maintain that bankruptcy law issues "predominate" over state law issues. They point to this court's rulings that avoidance actions were transferred to them and that they have standing to bring avoidance actions, and contend that the court should not abstain from interpreting its own orders. This contention ignores the fact that the linchpin of their avoidance argument is their claimed bona fide purchaser status, the effect of which is a quintessential state law issue and a defense they may claim in a state court action.

The Plaintiffs cite *Lindsey v. Dow Chemical Co. (In re Dow Corning Corp.)*, 113 F.3d 565 (6th Cir. 1997) for the proposition that "the primary determinant for the exercise of discretionary abstention is whether there exists unsettled questions of state law." *Id.* at 571 (internal citations and quotations omitted). *Dow Corning* is one of the largest mass tort cases ever commenced, with nationwide implications. Abstention, whether mandatory or discretionary, was considered in an entirely different context than the one before this court. ("Failing to transfer the claims against the shareholders [to the district court] will likely affect the size of the estate and the length of time the bankruptcy proceeding will be pending, as well as Dow Corning's ability to resolve its liabilities and proceed with reorganization."). *Id.* There are no such considerations at work here.

As far as other factors are concerned, it appears to the court

7

that several are present here.  They include, but are not limited to, the fact that administration of the estate will not be affected, the proceeding is remote from the main case, state law issues predominate, and the only parties to the proceeding seeking relief from the court's order are non-debtor parties.  Further, the court may exercise discretionary abstention whether or not a proceeding is core, and the court is not convinced that this is a core proceeding.  As pointed out by the Weddington defendants, Berman, the liquidating trustee in the bankruptcy cases, has not joined in asking the court to reconsider its earlier order dismissing the action.  Their arguments that abstention would deny them a remedy based on limitations of actions seem to relate to the two year provisions regarding actions by the estate (which Berman holds by virtue of the confirmed plans) pursuant to 11 U.S.C. §546 and not to rights which the other parties hold.  Finally, as questions of fact appear to be in dispute, the parties might demand and be entitled to a jury trial which this court cannot conduct absent consent of all parties.  In balancing these considerations as directed by *In re Underwood*, *supra*, the court concludes that discretionary abstention is appropriate in this matter.

In consideration of all of the foregoing, the court will enter a separate order setting aside its Order Dismissing Complaint and abstaining from hearing this matter.  This adversary proceeding shall remain on the court's docket for such proceedings as may be necessary, if any, at the conclusion of the pending state court action.

Copies to:

W. Thomas Bunch, Esq.
Richard D. Heideman, Esq.

Scott M. Zurakowski, Esq.
Sam P. Burchett, Esq.
Martin B. Tucker, Esq.
John A. Rollins, Esq.
Charles M. Oellerman, Esq.
Geoffrey S. Goodman, Esq.

9

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Thursday, July 28, 2005**
**(wsh)**